UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

LUTHER POYNTER, by and through )
his guardian, ANITA FERNANDEZ )
)
    Plaintiff )
)
v. ) Case No. 1:21-CV-162-GNS
)
AARON BENNETT, in his official capacity )
as Barren County Jailer; and )
BARREN COUNTY, KENTUCKY )
)
    Defendants )
)

## COMPLAINT

The Plaintiff, Luther Poynter (Poynter), by and through his guardian, Anita Fernandez (Fernandez), states his complaint against Aaron Bennett, in his official capacity as Barren County Jailer (Jailer Bennett or the Jailer), and Barren County, Kentucky (Barren County or the County), as follows:

### Preliminary Statement

    1.    This is 42 U.S.C. § 1983 case challenging a Kentucky jailer's and county's deliberate indifference to the need to provide for prisoner safety. As a result of those failures, two inmates of the Barren County Detention Center were able to viciously assault Poynter, causing severe physical and mental injury and pain, and resulting in his long-term or permanent incapacity. Poynter's injuries would not have occurred but for the County's and Jailer's policies of deliberate indifference to inmate safety. That indifference violates the Eighth and Fourteenth Amendments to the U.S. Constitution.

Poynter seeks compensatory damages. Pursuant to Fed. R. Civ. P. 10(c), each paragraph below adopts and incorporates each other paragraph.

## Jurisdiction and Venue

2. This Court has jurisdiction under 28 U.S.C. § 1331, which provides for original district court jurisdiction over cases presenting federal questions.

3. Venue is proper because the events at issue in this lawsuit took place in Barren County, Kentucky, and the two governmental defendants are located there.

## Parties

4. Plaintiff, Luther Poynter, is an adult living in Kentucky. At the time of the events described in this complaint, he was a prisoner in the Barren County Detention Center. At the time of filing this complaint, he is not a prisoner. Poynter brings this lawsuit through his sister and court-appointed guardian, Anita Fernandez.

5. Defendant, Aaron Bennett, in his official capacity as Barren County Jailer, is the duly elected Jailer of Barren County. Jailer Bennett served in that capacity at the time of the events described in this complaint. The Jailer is the chief executive officer of the Barren County Detention Center. The Jailer, in his official capacity, is a municipal governmental entity.

6. Defendant, Barren County, Kentucky, is a municipal governmental entity.

## Facts

7. At all relevant times, the County and the Jailer acted under color of state law.

8. In late December 2020, Poynter was incarcerated in the Barren County Detention Center (BCDC).

9. On or about December 28, 2020, BCDC staff moved Poynter for the first time to the jail's general population.

10. General population holds inmates of widely-varying age, background, temperament, criminal history, propensity for violence, and pending charges.

11. The number of general population inmates vastly outnumbers that of staff assigned to guard them. As a result, jails and prisons throughout America know and acknowledge the need to have systems in place to predict and prevent violence.

12. The Jailer and County know and acknowledge this need. They know and acknowledge that their staffing levels, and inmate classification systems are inadequate to guard against violence. They therefore have included, as part of the intake process for new inmates, a question about whether the new inmate fears violence from anyone. BCDC policy requires staff to ask this question before moving any new inmate to the jail's general population.

13. Because the assault described below has left Poynter incapacitated, and unable to say what happened in the jail, his guardian does not know whether BCDC staff asked Poynter this question, nor (if they did) how he answered.

14. In any event, the question itself is inadequate if the new inmate doesn't know who is in the BCDC. But BCDC makes no effort to inform new inmates of the names of people who already are housed in general population, so as to give them a chance to state whether they fear violence from any current inmate.

15. As a matter of policy and practice, the BCDC does not inform new prisoners of the names of people housed in the general population. It thus does not give new inmates a chance to state whether they fear violence from any general population

inmate.

16. The County maintains and is responsible for BCDC.

17. As the CEO of the BCDC, Jailer Bennett is the policy-making official with respect to jail policy and procedures. His policy-making decisions thus bind him, in his official capacity, and Barren County.

18. Upon information and belief, had BCDC required staff to inform new inmates of the names of people housed in general population, Poynter would have stated that he feared violence from Timothy Guess (Guess) and Scotty Wix (Wix). He would have done so because of his prior encounters with Guess and Wix, and because he knew how violent they could become.

19. Poynter did not know that Guess and Wix were housed in the BCDC general population and, as a matter of policy and practice, jail staff did not inform him. Poynter thus likely did not tell staff (if they even asked him) that he feared for his safety from Guess and Wix.

20. As soon as BCDC staff moved Poynter to general population, Guess and Wix rushed Poynter, and severely beat him, before the outnumbered and unprepared jail staff could intervene.

21. Poynter was rushed to the hospital, airlifted to Nashville and underwent brain surgery and facial reconstruction, spent substantial time there, and has needed ongoing therapy and medical care since his release. He has been rendered partially paralyzed since the beating. He has suffered serious, ongoing, and permanent physical and mental pain from the beating. His incapacity has cost him money in ongoing medical expenses and has seriously and permanently impaired his power and ability to labor and

earn money and his ability to enjoy life. He will never be able to work or live independently again.

22. The Jailer and County know that the BCDC's staffing levels, and the lack of an adequate inmate classification system, renders them largely unable to prepare for or prevent inmate-on-inmate violence. They likewise know that the risk of such violence is heightened whenever they place new inmates into the jail's general population. They know that adequate concern for inmate safety requires identifying whether any currently-housed general population inmate poses a safety risk to a new inmate. Their failure to inform new inmates of the identity of currently-housed general population inmates constitutes deliberate indifference to inmate safety.

23. But for the Jailer's and County's policy and practice of not informing new inmates of the names of people housed in general population of the BCDC, so as to allow them to state whether they fear for their safety, Wix and Guess would not have had the chance to beat Poynter, and he would not have suffered the injuries he suffered.

24. Because of Poynter's ongoing and long-term incapacity, the Barren District Court appointed Fernandez as Poynter's permanent guardian.

25. In accordance with the BCDC grievance procedure, Fernandez filed a grievance over this matter on Poynter's behalf. Jailer Bennett and BCDC denied the grievance at the highest jail level on or about July 15, 2021.

## **Claim for Relief**

### **First Cause of Action:  Cruel and Unusual Punishment**

26. The Eighth Amendment, made applicable to the states through the Fourteenth Amendment's due process clause, bars cruel and unusual punishment of post-

conviction inmates. The Fourteenth Amendment's dur process clause similarly bars cruel and unusual punishment of pretrial detainees. Deliberate indifference to prisoner safety constitutes cruel and unusual punishment.

27. The Jailer's and County's policy and practice of failing and refusing to inform new inmates of the names of people held in general population, so that they can identify inmates who pose a threat of violence to them, constitutes deliberate indifference to prisoner safety.

28. The Jailer's and County's deliberate indifference to prisoner safety proximately caused Poynter's injuries. As a result, the Jailer and County have deprived Poynter of rights secured by the Eighth and Fourteenth Amendments.

## REQUEST FOR RELIEF

WHEREFORE, Poynter requests the following:

1. Trial by jury on all issues so triable;

2. Judgment against the County, and against the Jailer, in his official capacity, for violating Poynter's right to be free from cruel and unusual punishment, in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution;

3. An award of compensatory damages against the County, and against the Jailer, in his official capacity, in an amount to be proven at trial, for the injuries Poynter has suffered and will suffer, and for the losses and expenses he has incurred and will incur;

4. An award of his litigation costs, including reasonable attorney's fees, pursuant to 42 U.S.C. § 1988; and

5. All other relief to which he is entitled.

>Respectfully submitted,
>
>/s/ William M. Butler, Jr.
>William M. Butler, Jr.
>500 West Jefferson Street
>Suite 1520
>Louisville, KY   40202
>Telephone: (502) 582-2020
>Facsimile: (505) 583-8007
>Email: williambutlerlawyer@yahoo.com
>*Counsel for Plaintiff*