UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:21-CV-00162-GNS-HBB

**LUTHER POYNTER**  **PLAINTIFF**

**VS.**

**AARON BENNETT, et al.**  **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Before the Court is the motion of Defendants Aaron Bennett and Barren County, Kentucky to compel Plaintiff to produce an expert medical witness' written responses to questions posed by Plaintiff's counsel (DN 84). Plaintiff has responded in opposition (DN 85), and Defendants have filed a reply (DN 88).

### Background of the Case

This is a civil rights action prosecuted on Plaintiff's behalf by his guardian. Plaintiff was an inmate at the Barren County Detention Center. He contends that, due to failures of Barren County and Jailer Bennett to implement or enforce adequate safety measures, he suffered an assault at the hands of two other inmates. He alleges that the assault caused serious injuries, including a traumatic brain injury (DN 32). Dr. Robbi Franklin, a neurosurgeon, performed surgery on Plaintiff to evacuate an epidural hematoma which was causing pressure and injury to Plaintiff's brain (DN 85-3 PageID # 376-77).

Plaintiff's expert witness disclosure deadline was April 7, 2023 (DN 47). Plaintiff identified expert witnesses but did not list Dr. Franklin. On August 18, 2023, Plaintiff filed a motion for leave to supplement his expert disclosures to identify Dr. Franklin as an expert and to provide a report (DN 63). Defendants filed a Response in opposition (DN 68). Plaintiff withdrew his motion (DN 70). He then filed a supplement to his Rule 26(e) initial disclosures to identify

Dr. Franklin as a fact witness regarding Plaintiff's injury and treatment (DN 72). Defendants conducted a discovery deposition of Dr. Franklin. He testified that during an earlier meeting, Plaintiff's counsel had provided him written questions about Plaintiff's medical care and condition, to which he had responded by e-mail. Defendants seek production of that written response.

## Discussion

The threshold inquiry is Dr. Franklin's capacity as a witness, specifically whether he is a retained expert under Fed. R. Civ. P. 26(a)(2)(B), or a fact witness who coincidentally has expertise under Rule 26(a)(2)(C). In the case of a medical expert, the question is not answered simply by divining whether the expert was hired for the purpose of providing an opinion and testimony, as opposed to serving as a witness because he is the party's treating physician. The inquiry must take into consideration the foundation of the expert's testimony and the scope of the opinion expressed.

> [C]ourts have noted that when a treating physician limits his testimony to the care and treatment of the patient, that physician is not considered a retained expert and is not, therefore, required to produce an expert report. On the other hand, a party is required to provide an expert report, even when a doctor is a treating physician if the doctor's testimony is based on something other than the doctor's observations during the treatment of the patient. When a treating physician develops opinions that go beyond those needed to treat the patient, the physician then becomes a retained expert under Rule 26(a)(2) - the distinction rests on the substance of the physician's testimony. Put another way, if the doctor developed his opinion directly through his treatment of the patient, the doctor is testifying in the capacity of a treating physician and need not file a Rule 26 report.
>
> Importantly, treating physicians are not limited to testifying solely as to the treatment administered to the patient. Fielden v. CSX Transp., Inc., 482 F.3d 866, 870 (6th Cir. 2007). During the course of treatment a physician may develop opinions regarding causation and prognosis. Martin v. CSX Transp., Inc., 215 F.R.D. 554, 557 (S.D. Ind. 2003) (quoted with approval in Fielden, 482 F.3d at 870). "To assume otherwise is a limiting perspective, which narrows the role of a treating physician. Instead, to properly treat and diagnose a patient, the doctor needs to understand the cause of a patient's injuries." Fielden, 872 F.3d at 870. In Fielden, the court held that the plaintiff need not file an expert report for his treating physician. The court noted that because there was evidence that the physician formed his opinions as to the cause of the plaintiff and not at the request

of plaintiff's counsel, it was clear that the plaintiff did not retain the physician to provide expert testimony. Id. at 872.

Oaks v. Wiley Sanders Truck Lines, No. 07-45-KSF, 2008 U.S. Dist. LEXIS 135831, at *6-7 (E.D. Ky. Oct. 29, 2008).

Here, Plaintiff represents that Dr. Franklin's testimony will be within the strictures of a non-retained treating physician expert under Fed. R. Civ. P. 26(a)(2)(C).  For this reason, the cases cited by Defendants regarding the discoverability of communications between counsel and a retained expert are inapplicable.  Were Dr. Franklin a retained expert under Rule 26(a)(2)(B), and thus required to provide a written report, Rule 26(b)(4)(B) & (C), which protect certain attorney-expert communications or preliminary reports, would be called into question as to whether the letter Dr. Franklin wrote to Plaintiff's counsel answering questions about Plaintiff's medical treatment and condition is discoverable.  However, those discovery restrictions are not applicable to a non-retained expert.  See Davies v. United States EPA, No. CV 17-115-H-BMM-JTJ, 2020 U.S. Dist. LEXIS 92611, at *5 (D. Mont. May 26, 2020) ("Rule 26(b)(4)(C) does not apply to non-retained experts.").

While the restrictions on disclosure of retained expert communications do not apply here, Plaintiff contends that the questions posed to Dr. Franklin and his responses are privileged as attorney work-product.  Federal law applies in determining the application of work-product doctrine protections.  In re Powerhouse Licensing, LLC, 441 F.3d 467, 472 (6th Cir. 2006).  The party seeking protection bears the burden of proving the documents constitute work-product.  Id. at 473.  "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party' s attorney, consultant, surety, indemnitor, insurer, or agent)."  Fed. R. Civ. P. 26(b)(3)(A).

Rule 26(b)(3) divides work-product into two categories: "ordinary" work-product and "opinion" work-product. *See* In re Antitrust Grand Jury, 805 F.2d 155, 163 (6th Cir. 1986). Ordinary work-product is (1) "documents and tangible things"; (2) "prepared in anticipation of litigation or for trial"; (3) "by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A). "Opinion work-product" is "the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B). The work-product doctrine provides ordinary work-product only a qualified protection against discovery, while opinion work-product receives almost absolute protection from discovery. Roach v. Hughes, No. 4:13-CV-00136-JHM, 2015 U.S. Dist. LEXIS 101660, at *5 (W.D. Ky. Aug. 4, 2015).

Some authority suggests that the Rule is inapplicable to communications between counsel and a third-party fact witness as a matter of course: "[a]lthough 'a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent),' there is no protection for communications to or from a third party fact witness." Dublin Eye Assocs., P.C. v. Mass. Mut. Life Ins. Co., No. 5:11-CV-128-KSF, 2013 U.S. Dist. LEXIS 23538, at *25 (E.D. Ky. Feb. 21, 2013) (quoting Fed. R. Civ. P. 26(b)); *see also* Pravak v. Meyer Eye Grp., PLC, No. 2:07-2433-MIV, 2009 U.S. Dist. LEXIS 136796, at *14-16 (W.D. Tenn. Oct. 22, 2009) (communications from counsel to non-party witness waived work-product protection.). However, this approach gives short shrift to the analysis required by Rule 26(b)(3)(A). *See* Mitchell v. Archer Daniels Midland Co., 329 F.R.D. 178, 180-181 (E.D. Tenn. 2019) (finding that Rule 26(b)(3) requires the Court to apply privilege to *trial preparation*

4

*materials*, defined as documents and tangible things prepared for trial by or for another party or its representative.).

The first question is thus whether the information constitutes material prepared for trial. Here it clearly was. Counsel posed questions to Plaintiff's treating physician regarding Plaintiff's medical treatment and condition. Dr. Franklin's responses to those questions were provided for Plaintiff's preparation for trial. The inquiry turns next to whether Defendants have demonstrated a substantial need for the materials to prepare their case and cannot, without undue hardship, obtain their substantial equivalent by other means. *See* Rule 26(b)(3)(A)(ii). Here, Defendants have already obtained information from Dr. Franklin about Plaintiff's injury, the medical treatment Dr. Franklin rendered and Dr. Franklin's opinions about the injury and prognosis. Defendants have failed to overcome the presumptive work-product privilege accorded to Dr. Franklin's letter, and the motion to compel is denied.

The undersigned notes that this decision is limited to the narrow question of whether Dr. Franklin's letter is privileged. Nothing in this decision should be construed as addressing the scope of the opinions which he may be permitted to offer at trial.

**WHEREFORE**, Defendants' motion to compel, DN 84, is **DENIED**. The parties are **DIRECTED** to submit within 10 days an agreed amended scheduling order setting deadlines for dispositive motions and Daubert motions.

January 18, 2024

H. Brent Brennenstuhl
United States Magistrate Judge

Copies to:   Counsel of Record